IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KWEILIN WOFFORD, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEBA ABODE, INC., D/B/A BRIGHTSTAR CARE and UDAY ROY,<br><br>Defendant. | Civil Action No. 2:20-cv-00084-RJC<br><br>Electronically Filed |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY CASE MANAGEMENT ORDER AND AMEND HER COMPLAINT**

Defendants Seba Abode, Inc. d/b/a Brightstar Care and Uday Roy (collectively "Defendants"), by and through their undersigned counsel, submit this brief in opposition to Plaintiff's Motion to Modify Case Management Order and Amend Her Complaint (Dkt. No. 46) ("Motion to Amend").

Plaintiff's Motion to Amend should be denied for three reasons. First, Plaintiff's Motion to Amend fails to demonstrate "good cause" for her delay and request to amend this Court's scheduling order. Second, Plaintiff's Motion to Amend is untimely and the delay in seeking to amend is undue. Despite being aware of the *Sears* matter and plaintiffs for virtually the duration of the instant litigation, Plaintiff's Motion to Amend seeking to add Ms. Sears and Ms. Odell was filed more than thirteen months after the original complaint in this matter was filed; nearly nine months after the June 8, 2020 deadline to amend the pleadings; five months after Ms. Sears and Ms. Odell filed opt-in consent to join forms in this action; more than six weeks after the depositions of Ms. Wofford and Mr. Roy; more than six weeks after the close of phase one fact discovery; and immediately prior to the dispositive and class certification motion deadlines. Finally, if Plaintiff is permitted to amend her complaint for a second time, Defendants would be

prejudiced by needing to re-do phase one discovery relevant to the new proposed named Plaintiffs and proposed plaintiffs Sears and Odell will have had the benefit of observing discovery before deciding whether they wanted to participate in this case as a named plaintiffs.

I.  **STANDARD FOR MODIFYING SCHEDULING ORDER AND AMENDING COMPLAINT**

Rule 16 of the Federal Rules of Civil Procedure authorizes the Court to enter schedules of proceedings. Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Therefore, when a motion to amend under Rule 15 is filed after the deadline established by the scheduling order, the Court must first evaluate whether the plaintiff has shown "good cause" to modify the scheduling order. *Covertech Fabricating, Inc. v. TVM Building Products, Inc.*, 2014 WL 2199843, at *2 (W.D. Pa. May 27, 2014).

If the plaintiff has shown "good cause," Rule 15 of the Federal Rules of Civil Procedure governs motions to amend pleadings. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." *Kitko v. Young*, Civ. No. 3:10-189, 2013 WL 126324, at *2 (W.D. Pa. Jan. 9, 2013), *aff'd*, 575 F. App'x 21 (3d Cir. 2014). The court has discretion to determine whether to grant leave to amend the pleadings and may deny leave where there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Under Rule 15(a), "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Kephart v. ABB, Inc.*, Civ. No. 2:12-668, 2013 WL 12141534, at *4 (W.D. Pa. Dec. 30, 2013) (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). On the issue of prejudice, a court must focus on the "hardship to

the defendants if the amendment were permitted" and should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id*.

## II. ARGUMENT

Plaintiff cannot dispute that her motion is untimely. Plaintiff filed her original Complaint on January 17, 2020 (Dkt. 1), and an Amended Complaint on June 8, 2020 in order to add Uday Roy as a defendant in this matter (Dkt. 22). This Court imposed a June 8, 2020 deadline to amend the pleadings. (Dkt. 19). Plaintiff did not seek to amend her Complaint to add Ms. Sears and Ms. Odell prior to this deadline.

Plaintiff proposed, and this Court ordered, a June 8, 2020 deadline to amend the pleadings and join additional parties. (Dkts. 15, 19). Following this order, the parties moved to amend case deadlines twice, but in neither of these motions did Plaintiff raise the issue of amending the Case Management Order's deadline to join additional parties. (*See* Dkts. 25, 27). Moreover, Ms. Sears and Ms. Odell filed consents to join this action on October 22, 2020, making them party-plaintiffs for the purpose of the FLSA litigation. (Dkts. 29, 30). Despite Plaintiff's admitted awareness of Ms. Sears and Ms. Odell for essentially the entirety of this litigation, Plaintiff did not seek to add these two additional individuals as plaintiffs in this case until March 2021.

### A. Plaintiff has not demonstrated "good cause" to support her request to modify this Court's scheduling order.

Plaintiff does not provide an adequate reason why the Court should grant her Motion to Amend under Rule 16 of the Federal Rules of Civil Procedure. Plaintiff's supporting brief notes that Plaintiff could not have compelled the two proposed plaintiffs represented by separate counsel to join her case by the June 8, 2020 deadline and that Ms. Sears and Ms. Odell could not

have been dilatory with respect to a deadline in a case in which they were not parties. (Dkt. 47, p. 6). Plaintiff has known about the Sears/Odell litigation since well before this Court's amendment deadline, and at a minimum Ms. Sears and Ms. Odell filed consent-to join forms on October 22, 2020. As of at least that date, Ms. Sears and Ms. Odell (1) were represented by Ms. Wofford's law firm, Feinstein Doyle Payne & Kravec, LLC, as they were the only attorneys representing Plaintiff Wofford and her putative class until attorneys from the law firm of Jubelirer, Pass, & Intrieri, P.C. firm entered their appearances on February 22, 2021 (see Dkts. 43-45), and (2) Ms. Sears and Ms. Odell were indeed parties to this matter, at least with respect to the FLSA claims, as of October 22, 2020.

This is not a case involving late-discovered new facts that provide the basis for a new type of claim. Plaintiff Wofford knew about the *Sears/Odell* litigation before the amendment deadline and before the parties in this action conducted and completed phase one discovery, yet only after completing discovery did she attempt to add Ms. Sears and Ms. Odell as named plaintiffs. Plaintiff suggests she has now moved to add Ms. Sears and Ms. Odell in order to avoid overlapping litigation. It is unclear why she waited so long. What is clear is that Plaintiff is not seeking to consolidate the entire *Sears/Odell* state court action with this federal litigation. Instead, she is attempting to consolidate *only some* of the claims asserted by Sears/Odell into this case. In doing so, Plaintiff is asking this Court to allow Ms. Sears and Ms. Odell to forum shop their rate claims after the benefit of observing how this case has proceeded for more than one year and without regard for the Court-ordered deadlines in this matter. Plaintiff's attempted justifications for her tardy attempt to amend clearly falls short of demonstrating "good cause." "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Ickes, v. Borough of Bedford*, 271 F.R.D. 458,

461-62 (W.D.Pa. 2010) (citing *Sampath v. Concurrent Techs. Corp.*, Civ. No. 3:2003–264, 2006 WL 3231954 at *2 (W.D.Pa. Nov. 7, 2006)); *see*, *also*, *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) ("Delay may become undue when a movant has had previous opportunities to amend a complaint."). Accordingly, the Court should deny Plaintiff's Motion to Amend.

        **B.**        **Plaintiff has unduly delayed filing her proposed amendment.**

Even if this Court were to determine Plaintiff has demonstrated "good cause," Plaintiff has unduly delayed seeking amendment. "Delay in seeking leave to amend is undue if it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Omogbehin v. Cino,* 485 Fed. Appx. 606, 611 (3d Cir. 2012) (quotations omitted). Undue delay "***focus[es] on the movant's reasons for not amending sooner***, and … balance[s] these reasons against the burden of delay on the District Court." *Id*. (citations and internal questions omitted) (emphasis added). "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Kephart*, Civ. No. 2:12-668, 2013 WL 12141534, at *5 (citing *Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006)).

Plaintiff couches the need for the untimely amendment as a result of a timing decision on the part of Ms. Sears and Ms. Odell. As noted in Plaintiff's brief in support of her Motion to Amend, however, Plaintiff Wofford and the plaintiffs in the *Sears* matter "became aware of the others' cases as the litigation commenced." (Dkt. 47, p. 4). Plaintiff has provided no substantial basis for the sudden strategic decision to add additional plaintiffs to the matter more than six weeks following the close of phase one discovery, and immediately prior to the dispositive and class certification motion deadlines. At best, Plaintiff, Ms. Sears, and Ms. Odell failed to take action on their knowledge of the similarity in their claims for over a year, and they should not be

permitted to do so now. *See Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998) (cautioning that "a plaintiff has to carefully consider the allegations to be placed in a complaint before it is filed"); *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 924 (3d Cir. 1990) (plaintiff's delay of four and one-half months after receiving certain information and after the close of extended discovery were important factors in finding that the delay was undue); *Ickes, v. Borough of Bedford*, 271 F.R.D. 458, 461-62 (W.D.Pa. 2010) (denying motion for leave to amend where Plaintiff delayed more than 17 months after the original complaint was filed, 8 months after the Court's imposed amendment deadline, and more than 4 months after the close of the extended discovery period.). The Court should deny Plaintiff's Motion to Amend as a result of her undue delay in attempting to add these additional named plaintiffs.

    **C.**  **Defendants will be prejudiced by Plaintiff's proposed amendment.**

Plaintiff's proposed amendment will burden the adjudicative process and cause Defendants prejudice. Phase one discovery, which closed on January 15, 2021, encompassed discovery relevant to class certification. If plaintiff's proposed amendment is permitted, phase one discovery will need to re-open to afford Defendants the opportunity to conduct discovery as to the new plaintiffs. Defendants would need to supplement their factual investigation related to the employment circumstances of Ms. Sears and Ms. Odell, supplement its initial disclosures, serve and respond to additional written discovery requests, and depose Ms. Sears and Ms. Odell. All of this additional information will need to be considered in preparing defendant's dispositive motion and opposition to Plaintiff's class certification motion. This additional discovery will be at the detriment and expense of Defendants, which cost could have been avoided at least in part if Plaintiff's had timely sought amendment. Defendants should not be required to incur these additional costs and further postpone adjudication of these issues because of Plaintiff's decision to not pursue the claims of Ms. Sears and Ms. Odell in this forum until this late point in time. *See*

*Cureton*, 252 F.3d at 274 (affirming district court's denial of the plaintiffs' motion to amend where "amendment would lead to further discovery requests and significant new preparation"); *SIG Swiss Industrial, Co*, Civ. No. 91-0699, 1993 U.S. Dist. LEXIS 8536, *2 (E.D. Pa. 1993) (denying plaintiff's motion to amend because it would require that discovery be reopened to defend against a new claim, thereby unduly prejudicing the defendant); *see also Griffin v. Harrisburg Property Services, Inc*., 421 Fed. Appx. 204, 210-11 (3d Cir. 2011) (affirming the district court's denial of leave to amend, where proposed new retaliation claim "pre-dated the filing of the suit"). As such, the prejudice to Defendants is significant and Plaintiff's Motion to Amend should be denied.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully ask this Court to deny Plaintiff's Motion to Modify Case Management Order and Amend Her Complaint.

Respectfully submitted,

/s/ *Katelyn W. McCombs*
Joshua C. Vaughn (PA #203040)
jvaughn@littler.com
Katelyn W. McCombs (PA #323746)
kmccombs@littler.com
**LITTLER MENDELSON, P.C.**
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Ph: (412) 201-7628/7641
Fax: (412) 774-1957

*Attorneys for Defendants Seba Abode, Inc. and Uday Roy*

Dated: March 11, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Modify Case Management Order and Amend Her Complaint was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Edward J. Feinstein
efeinstein@fdpklaw.com
Ruairi McDonnell
rmcdonnell@fdpklaw.com
**FEINSTEIN DOYLE PAYNE &
KRAVEC, LLC**
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219

Joseph J. Pass
jjp@jpilaw.com
Joseph S. Pass
jsp@jpilaw.com
Steven E. Winslow
sw@jpilaw.com
**JUBELIRER, PASS & INTRIERI, P.C.**
219 Fort Pitt Boulevard
Pittsburgh, PA 15222

*Attorneys for Plaintiff Kweilin Wofford*

/s/ *Katelyn W. McCombs*
Katelyn W. McCombs

4850-5562-8255.2 100163.1003

2