**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KWEILIN WOFFORD, individually and on behalf of others similarly situated, | ) ) ) | 2:20-cv-00084-RJC |
| Plaintiff, | ) ) ) ) | |
| vs. | ) ) | Judge Robert J. Colville |
| SEBA ABODE, INC., D/B/A BRIGHTSTAR CARE and UDAY ROY, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**

Robert J. Colville, United States District Judge

Before the Court is the "Motion to Modify Case Management Order and Amend Her Complaint" (ECF No. 46) ("Motion to Amend") filed by Plaintiff Kweilin Wofford ("Plaintiff"). In this action, Plaintiff brings claims against Defendants Seba Abode, Inc., D/B/A BrightStar Care ("Seba Abode"), a home health agency, and its owner and President, Uday Roy, (collectively, "Defendants") to challenge Defendants' alleged policy of reducing the hourly pay rates of its employees who regularly work overtime. Br. in Supp. 3, ECF No. 47. Plaintiff asserts, and Defendants do not in any material way challenge, that the only substantive amendment sought by way of Plaintiff's Motion to Amend is to add Tara Sears and Nicki Odell as named plaintiffs and proposed class representatives in this matter. Mot. to Amend 1, ECF No. 46. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over her state-law claims pursuant to 28 U.S.C. § 1367. Plaintiff's Motion has been fully briefed, and is ripe for disposition.

1

## I.      Factual Background & Procedural History

A detailed recitation of the facts alleged in Plaintiff's Amended Collective and Class Action Complaint ("Complaint") (ECF No. 22) is unnecessary in the context of the Court's consideration of Plaintiff's Motion to Amend, and the Court notes that such a recitation is set forth in this Court's Memorandum Opinion of the same date addressing Plaintiff's Motion for Conditional Certification (ECF No. 31).

Plaintiff filed her first "Collective and Class Action Complaint" (ECF No. 1) against Seba Abode on January 17, 2020.  Seba Abode filed an Answer (ECF No. 12) on March 13, 2020. Following a Telephonic Initial Case Management Conference in this matter on April 9, 2020, the Court entered a Case Management Order (ECF No. 19), which, in pertinent part, set forth the following deadlines: (1) a deadline of June 8, 2020 for the parties to move to amend the pleadings or add new parties; (2) a deadline of July 8, 2020 to complete alternative dispute resolution; and (3) a deadline of October 6, 2020 for the completion of phase one of fact discovery, which was limited to discovery relevant to class and conditional collective certification and/or identification of potential additional defendants.  The April 9, 2020 Case Management Order also set forth deadlines for the filing of dispositive motions and Plaintiff's motion for class certification and motion for conditional certification.  *See* Order ¶¶ 1-2; 6-9, ECF No. 19.  Plaintiff filed the Complaint on June 8, 2020, and Defendants filed an Answer (ECF No. 23) on June 22, 2020.

On July 6, 2020, the parties filed a Joint Motion (ECF No. 25) seeking an extension of the Case Management Order's deadline to complete alternative dispute resolution in this matter so that they could pursue a second mediation session at a later date.  The Court subsequently entered an Order (ECF No. 26) dated July 8, 2020 granting the extension requested by way of this Joint Motion.  Upon a subsequent Joint Motion (ECF No. 27) of the parties filed on August 28, 2020,

the Court entered an Order (ECF No. 28) extending the deadline for the completion of phase one of fact discovery and the deadlines for filing of dispositive motions and Plaintiff's anticipated motions by approximately 100 days.  The parties filed another Joint Motion (ECF No. 33) on November 6, 2020, again seeking an extension of the deadline to complete alternative dispute resolution in this matter.  Upon consideration of this Joint Motion, the Court entered an Order (ECF No. 34) granting the extension requested by the Joint Motion.

Ms. Sears and Ms. Odell opted-in to the instant action to pursue FLSA claims on October 22, 2020.  ECF Nos. 29 and 30.  On February 12, 2021, the parties filed a Joint Motion (ECF No. 40) advising the Court of Plaintiff's intention to the file the Motion to Amend presently at issue, and further requesting that the deadlines for the filing and briefing of dispositive motions and Plaintiff's class certification motion be stayed pending the Court's resolution of the Motion to Amend.  By Court Order (ECF No. 42) dated February 12, 2021, the Court granted the stay requested by the Joint Motion.  Plaintiff filed the Motion to Amend and a Brief in Support (ECF No. 47) on March 1, 2021.  Defendants filed a Brief in Opposition (ECF No. 48) on March 11, 2021, and Plaintiff filed her Reply (ECF No. 49) on March 18, 2021.

## II.    Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides: "Modifying a Schedule.  A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  With respect to amendments other than those that may occur as a matter of course under Rule 15(a)(1), Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

The United States Court of Appeals for the Third Circuit has explained that, "when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). The Third Circuit has further explained that "[a] party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp*, 970 F.3d at 319. "[W]hether 'good cause' exists under Rule 16(b)(4) depends in part on a plaintiff's diligence." *Id.* (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84–85 (3d Cir. 2010); *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000)); *see also* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) ("'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order.").

With respect to Rule 15(a), the Supreme Court of the United States has explained:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted). Under Rule 15(a), delay alone is insufficient to support a denial of leave to amend. *Cornell & Co. v. Occupational Safety & Health Rev. Com'n*, 573 F.2d 820, 823 (3d Cir. 1978). "However, 'at some point, the delay will become

4

"undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party.'" *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).  "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.'" *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 122 (W.D. Pa. 2010) (quoting *Chancellor*, 501 F. Supp. 2d at 700).

The Third Circuit has explained: "[i]t is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell*, 573 F.2d at 823 (citations omitted); *see also Chancellor*, 501 F. Supp. 2d at 702 ("Under the Rule 15 analysis, the focus is on the prejudice to the party opposing the amendment.").  With respect to prejudice to the non-moving party, courts look to "the hardship to the [non-moving party] if the amendment were permitted[,]" and specifically consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d at 273.

### III.    Discussion

Plaintiff seeks an extension of the June 8, 2020 deadline provided by this Court's April 9, 2020 Case Management Order for motions to join additional parties and motions to amend the pleadings, and further seeks leave to file an amended complaint.  Mot. to Amend 1, ECF No. 46. Plaintiff asserts that Ms. Sears and Ms. Odell were subjected to the same "hourly pay rate reduction policy" that is at issue in this litigation, and that, for as long as this action has been pending, Ms. Sears and Ms. Odell have been pursuing materially identical claims related to Defendants' pay practices via their own putative class action lawsuit against Defendants in the Court of Common Pleas of Allegheny County at the case docketed as *Sears v. BrightStar Group Holdings, Inc.*, Case No. GD-20-846 ("*Sears*").  Br. in Supp. 1, ECF No. 47.  Plaintiff asserts that, upon the filing of

the proposed amended complaint in this matter, Ms. Sears and Ms. Odell intend to file an amended state court complaint in *Sears* removing all claims arising out of Defendants' alleged rate reduction policy. *Id.* Plaintiff seeks to combine these purportedly parallel class actions, and asserts that doing so would allow for all claims challenging Defendants' alleged rate reduction policy to be heard in one forum. *Id.* at 2.

Defendants argue that Plaintiff's Motion to Amend should be denied under Rule 16(b)(4) because Plaintiff has not set forth good cause for her delay in seeking amendment of the deadlines provided by the Case Management Order in this matter. Br. in Opp'n 1, ECF No. 48. Defendants further argue that the Motion to Amend should be denied under Rule 15(a) because Plaintiff has unduly delayed in filing her Motion to Amend, and that this delay would result in prejudice to Defendants if the requested amendment is permitted. *Id.* at 2-3.

### A. Rule 16(b)(4)

In her Brief in Support, Plaintiff asserts that: (1) Ms. Sears and Ms. Odell commenced the *Sears* matter on January 16, 2020; (2) the complaint in *Sears*, which was filed on February 4, 2020, challenges the same rate reduction pay practice at issue in this case; (3) "[t]hereafter, plaintiffs in the *Wofford* and *Sears* matters became aware of the others' cases as the litigation commenced"; and (4) Defendants invited Ms. Sears and Ms. Odell to participate, and Ms. Sears and Ms. Odell did, in fact, participate, in the mediations which have taken place in this case, first on June 29, 2020, and then again on November 10, 2020. Br. in Supp. 4, ECF No. 47.

Under Rule 16(b)(4), Plaintiff must establish good cause for an extension of the deadlines set forth in the April 9, 2020 Case Management Order, and the same depends on her diligence. *See Premier Comp*, 970 F.3d at 319. "[A] party is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the

6

basis for that party's later motion to amend." *Chancellor*, 501 F. Supp. 2d at 702. "This principle, however, may be rebutted by a clear and cognizable explanation why the proposed amendment was not included in the original pleading." *Id.* However, "[c]arelessness, or attorney error, which might constitute 'excusable neglect' under Rule 6(b), is insufficient to constitute 'good cause' under Rule 16(b)." *Graham*, 271 F.R.D. at 121 (quoting *Chancellor*, 501 F. Supp. 2d at 702). Further, "tactical errors and delays by experienced attorneys . . . do not demonstrate that [the moving party has] acted with diligence . . . ." *Id.*

Plaintiff failed to seek an extension of the Case Management Order's June 8, 2020 deadline for motions to file amended pleadings and/or add new parties prior to the expiration of that deadline, and Plaintiff did not so move the Court until March 1, 2021, despite having filed several motions to extend other deadlines in this action between June 8, 2020 and March 1, 2021. As explanation for this delay, Plaintiff first advances argument that Ms. Sears and Ms. Odell could not have been dilatory with respect to the June 8, 2020 deadline for amendment of pleadings in this matter because they were not parties to this action. Br. in Supp. 6, ECF No. 47. This Court agrees that it must look to *the movant's, i.e. Plaintiff's*, diligence in this matter in determining whether amendment is appropriate under Rule 16(b)(4).[1] In explaining her failure to move to amend the deadlines in this case at an earlier date, Plaintiff argues that she could not compel two individuals who were represented by separate counsel and who were pursuing their own class action to join this action as named plaintiffs and proposed class representatives. Br. in Supp. 6, ECF No. 47. The Court generally agrees with this statement, and further notes that Ms. Sears and

---

[1] The Court further notes that courts consider only the conduct of the moving party, and not prejudice to the non-moving party, in determining whether the moving party has shown good cause under Rule 16(b)(4). *See Chancellor*, 501 F. Supp. 2d at 702. ("However, the Court concludes that examining the prejudice to the opposing party would shift the inquiry from the conduct of the moving party to the burden on the non-moving party, thus eviscerating the requirement that the moving party show 'good cause.'").

Ms. Odell, despite not being named plaintiffs and proposed class representatives in this matter, have seemingly been treated as such by Defendants.

The Court also notes that the proposed amendment in this matter is relatively minor,[2] does not add new claims, and will result in all claims related to Defendants' alleged rate reduction policy being heard in a single forum. More importantly, there is no indication in this action that Plaintiff herself has not pursued her class action claims related to Defendants' alleged pay practices diligently. Further, Ms. Sears and Ms. Odell have seemingly been active participants in this litigation, and this participation has come with Defendants' knowledge and encouragement.[3] Plaintiff asserts, and Defendants do not in any material way challenge, that Ms. Sears and Ms. Odell participated, at Defendants' invitation, in the mediation *in this action* that took place on June 29, 2020, which is, notably, before either Ms. Sears or Ms. Odell opted-in to this action to pursue FLSA claims. Br. in Supp. 4, ECF No. 47. Ms. Sears and Ms. Odell also participated in the mediation that took place in this action on November 10, 2020.

The issue presented herein is somewhat unique, in that Plaintiff proposes a rather limited amendment to allow two individuals to join this case as named plaintiffs and proposed class representatives, where such individuals: (1) have an underlying state court action against Defendants asserting materially identical claims related to Defendants' pay practices that has not proceeded to the discovery or motion stage; (2) have represented that, should amendment be permitted, they will remove all claims arising out of Defendants' alleged rate reduction policy

---

[2] Indeed, should Plaintiff prove successful in her class certification motion, Ms. Sears and Ms. Odell would, based upon the facts and arguments presently before the Court, become plaintiffs in this action unless and until they opted out.

[3] The Court notes that the briefing in this matter, *see* Br. in Supp. 8, ECF No. 47, and a review of the Court of Common Pleas of Allegheny docket in the *Sears* matter, indicate that the *Sears* state court action has not proceeded past the pleading stage, and that no motion practice or discovery has yet taken place in that case.

from their complaint in the state court action; and (3) have actively participated *in this case* at the request of Defendants.

"The purpose of limiting the period for amending the pleadings is to assure 'that at some point both the parties and the pleadings will be fixed.'" *Graham*, 271 F.R.D. at 119 (quoting *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004)). Defendants' actions in this case belie any assertion that the requested amendment or Ms. Sears' or Ms. Odell's participation in this case come as a surprise to Defendants. Ms. Sears and Ms. Odell have seemingly been treated as though they were parties even before they opted-in to pursue FLSA claims. While the approximately nine-month delay between the June 8, 2020 deadline for motions to amend and the March 1, 2021 filing of Plaintiff's Motion to Amend represents a relatively long period of time, the Court finds, given the active participation of Plaintiff, Ms. Sears, and Ms. Odell in the instant matter, that there is a basis to find that Plaintiff has been diligent in pursuing her class action claims related to Defendants' pay practices in this matter. Further, given Defendants' encouragement of the participation of Ms. Sears and Ms. Odell in this action (again, even before they opted in), and given the materially identical nature of the class action claims in this action and the *Sears* matter, as well as the fact that no discovery or motion practice has occurred in the *Sears* matter, Plaintiff would likely have been justified in the belief that any request for amendment only to include Ms. Sears and Ms. Odell as named plaintiffs and proposed class representatives in the instant matter would be uncontested, such that Plaintiff was diligent in requesting amendment of this Court's scheduling order at the time of the filing of the Motion to Amend. For the foregoing reasons, the Court finds that there is a basis for a finding of good cause to allow for the amendment of the scheduling order to allow Plaintiff to pursue the amendment requested in the Motion to Amend.

**B.  Rule 15(a)(2)**

Because the Court found above that Plaintiff has established good cause under Fed. R. Civ. P. 16(b)(4) for amendment of the schedule in this matter, it must now consider whether the requested amendment of the Complaint would be appropriate under Rule 15(a)'s more liberal standard.  Defendants argue that Plaintiff's failure to move to amend the Complaint sooner constitutes undue delay, and that Defendants have been prejudiced by the same.  Because a finding of "undue delay" requires consideration of whether a delay has resulted in an unwarranted burden upon the court or prejudice to a defendant, *Cureton*, 252 F.3d at 273, the Court will consider Defendants' arguments in conjunction.  Defendants bear the burden of establishing undue delay and prejudice.  *Graham*, 271 F.R.D. at 122.  With respect to prejudice to the non-moving party, courts look to "the hardship to the [non-moving party] if the amendment were permitted[,]" and specifically consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."  *Cureton*, 252 F.3d at 273.

The Court has already held that Plaintiff has established good cause with respect to Plaintiff's approximately nine-month delay in seeking the specific amendment at issue.  The Court further finds that the delay will not result in an unwarranted burden on this Court, and that Defendants have not made a sufficient showing of prejudice to warrant denial of the Motion to Amend.  Importantly, no significant motion practice has taken place in this case to date, and the parties have only recently completed phase one of discovery, which was limited to discovery relevant to class and conditional collective certification and/or identification of potential additional defendants.  Further, the deadlines for the filing and briefing of dispositive motions and Plaintiff's class certification motion have been stayed pending the Court's resolution of the Motion to Amend. While Defendants assert that phase one discovery must be reopened to allow for discovery with

respect to Ms. Sears and Ms. Odell, Br. in Opp'n 6, ECF No. 48, and Plaintiff has essentially conceded that such a reopening would be appropriate if her Motion to Amend is granted, Br. in Supp. 5, ECF No. 47, the Court finds that Defendants have not established that a brief reopening of phase one of discovery to allow for discovery related to the two new named plaintiffs will amount to a level of prejudice such that amendment is inappropriate under Rule 15(a)'s liberal standard.  This is especially true in this case, where the deadlines for class certification motions and dispositive motions have been stayed, and where Defendants would, if Plaintiff's Motion to Amend is denied, eventually be required to take the same discovery in the *Sears* matter, and incur the costs associated with the same, that it now asserts constitutes prejudice in the instant action. Further, Defendants do not assert that the requested amendment will require Defendants to defend against new claims or legal theories.  For the reasons discussed above, the Court finds that leave to amend, as requested in the Motion to Amend, should be granted under Rule 15(a)(2).

## IV.     Conclusion and Order of Court

Accordingly, for the reasons discussed above, it is hereby ORDERED that Plaintiff's Motion to Amend is granted.   Plaintiff shall file her proposed amended complaint by **July 29, 2021**.  Defendants shall file an answer to the amended complaint by **August 12, 2021**.  The parties shall, by **August 19, 2021**, file a joint proposed scheduling order with respect to the potential reopening of phase one of discovery and deadlines for the same, as well as deadlines for the filing and briefing of dispositive motions and Plaintiff's class certification motion.

<div style="margin-left:50%">

BY THE COURT:


s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

</div>

DATED: July 22, 2021
cc: All counsel of record